# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PIERCE HARRIS, | * | |
|    Plaintiff | * | |
|       v | * | Civil Action No. DKC-11-3649 |
| ARTHUR WALLENSTEIN, et al. | * | |
|    Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Pierce Harris ("Harris") filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983. Defendants Arthur Wallenstein, Robert L. Green, and T. Carroll by their attorneys have filed a Motion to Dismiss for failure to state a claim. ECF No. 15. Plaintiff has responded. ECF Nos. 20 & 21.[1]  After review of the pleadings, and applicable law, the court determines that a hearing is unwarranted. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Motion to Dismiss will be GRANTED.

## Background

---

[1] Plaintiff indicates that he was seeking assistance of a lawyer to handle his case and notes his lack of a legal background. ECF No. 20. He asks the court to "lead [him] in this matter as I seek legal help." *Id*. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

    Upon careful consideration of the motions and previous filings by Plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues before the court are not unduly complicated. Plaintiff is no longer incarcerated. There are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff.

Harris, a former detainee at the Montgomery County Detention Center, filed the instant Complaint, as supplemented, alleging that on October 29, 2011, he was "verbally abused and then assaulted" by correctional officer T. Carroll. He states that a false adjustment report was then issued against. ECF No. 6. Plaintiff has provided a copy of the adjustment report written by Carroll which states:

> On the above date and approximate time this writer was attempting to resolve several grievances that had been written by inmate Harris. He started to become irritated because he felt that he officer was not telling the truth in reference to the issues on the grievance and he wanted the Warden to respond to his grievances. As I was writing on the grievance he leaned over into my personal space and said to me "without that badge you are nothing." At this time I grabbed inmate Harris and pushed him away from me and told him to go back to his pod.

ECF No. 21. Harris states that due to the adjustment report he was moved to the disciplinary/special management unit which caused him to suffer two asthma attacks. He states that he wrote to Director Wallenstein and Warden Green but they did nothing about his complaints. He requests damages for defendants' "negligence." ECF No. 6.

### Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan*

*v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Analysis

A.   Respondeat Superior

Plaintiff's complaint against Director Arthur Wallenstein and Warden Robert L. Green is based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit).  Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).  Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).  Plaintiff has pointed to no action or inaction on the part of the Director or Warden that resulted in a

constitutional injury, and accordingly, his claims against them shall be dismissed.

B.    Verbal Abuse

"[N]ot all undesirable behavior by state actors is unconstitutional."  *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995).  Verbal abuse of inmates by guards, including aggravating language, without more, states no constitutional claim.  *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff laughed at inmate and threatened to hang him); *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (racial slurs); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980) (no harm alleged from claimed verbal harassment and abuse by police officer).  Accordingly, Plaintiff's allegations that Defendant Carroll verbally abused him fails to state a claim.

C.    Assault

In order for a pretrial detainee to succeed on a claim of excessive force, the complaint must demonstrate that a defendant "inflicted unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 320 (1986).  Whether a pretrial detainee or a convicted prisoner, a plaintiff must allege facts that the use of force was applied "maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  *See Whitley v. Albers*, 475 U. S. 312, 321 (1986).  Here, Plaintiff simply alleges that Defendant Carroll "assaulted" him.  The only facts he has provided relative to the alleged assault are contained in the adjustment report which indicates that Plaintiff spoke and moved in an aggressive manner toward Carroll who responded by grabbing Plaintiff, pushing him out of the way, and directing he return to his housing unit.  Plaintiff has not alleged, nor can it be inferred

from the allegations contained in the complaint, that Carroll inflicted unnecessary and wanton pain and suffering or that any force used by Carroll was done so maliciously, sadistically, and with the intent to cause harm.  Plaintiff has failed to state an excessive force claim.

For the reasons stated, Defendants' Motion to Dismiss shall be granted.  A separate Order shall be entered in accordance with this Memorandum Opinion.


Date:   February 13, 2013                        /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge